UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

CIVIL ACTION NO. 3:22-cv-27- GFVT

ANNA SATTERLEY, as Next Friend and
on behalf of A.A., a MINOR,                                          PLAINTIFF

V.

UNITED STATES OF AMERICA,                                            DEFENDANT

\* \* \* \* \* \* \* \* \*

**REPLY IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS OR,
IN THE ALTERNATIVE, TO LIMIT INITIAL DISCOVERY
TO THE ISSUE OF STATUTE OF LIMITATIONS**

The Defendant United States, by and through the Assistant United States Attorney for the Eastern District of Kentucky, hereby submits this Reply to Plaintiff's response in opposition [R. 8] to the Defendant's motion to dismiss or, in the alternative, to limit initial discovery to the statute of limitations issue [R. 7]. The Plaintiff asserts that the dispositive motion must be denied because "the issue of the Statute of Limitations has already been decided by this Court…." [R. 8 at Page ID# 58]. Specifically, Plaintiff contends that the "law of the case" doctrine precludes this Court from holding that her claims are barred, and that initial discovery should not be limited to the limitations issue because it would cause undue prejudice and undue delay. [*Id*. at Page ID# 61-63]. Because Plaintiff's fundamental premise – that the limitations issue has already been decided – overstates the language of the memorandum opinion, these arguments are unavailing.

    **A.**    **This Court Did Not Rule on the Statute of Limitations**

It bears noting that this Court began its consideration of whether to make the dismissal of the previous action with or without prejudice by noting that "[t]ypically, district courts dismiss

FTCA claims for failure to exhaust administrative remedies without prejudice." [Case No. 3:21-CV-00045-GFVT (*Satterley I*), R. 14: Memorandum Opinion and Order at Page ID# 175.] But the Court went on to observe that, in cases where a plaintiff failed to make an administrative claim before filing suit and now more than two years had passed since the claim accrued, "then 'the tort claims are effectively dismissed with prejudice.'" [*Id*. (citing *Pirolozzi v. Stanbro*, 2007 WL 4165160, at *2 (N.D. Ohio Nov. 19, 2007))]. The Court's ruling, however, was simply stated: "Because *there is a legitimate question* as to when this action accrued, the Court will dismiss this action without prejudice." [*Id*. (emphasis added)]. Although the Court went on to explain the nature of the "legitimate question," referencing the arguments of both the United States and the Plaintiff as to when the claim accrued, it did *not* decide the question of *when the claim accrued* by issuing a specific, definitive holding. Rather, the Court acknowledged both the United States' argument that the claim accrued outside the SOL, on November 28, 2018 (the delivery date), and the Plaintiff's counterarguments that accrual occurred on either December 30, 2019 (the date of the spastic quadriplegic cerebral palsy diagnosis) or on July 9, 2020 (when the mother was advised to seek legal counsel) – both dates inside the two-year SOL – and then decided the issue of *whether to dismiss the action with prejudice*, answering in the negative.[1] Accordingly, Plaintiff's arguments are based on a flawed supposition, and should be denied.

    **B.**    **The Law of the Case Doctrine Does Not Preclude a Ruling on the Statute of Limitations**

Even if this Court had previously determined, specifically, the date that Plaintiff's claim accrued, it would be free to revisit that ruling. The "law of the case" doctrine, on which Plaintiffs

---

[1] The Court, in summarizing the parties' arguments, cited to their briefs submitted on the issue. [*See* Case No. 3:21-CV-00045-GFVT, R. 14 at Page ID# 175 (citing R. 6-1: Memorandum in Support of Motion to Dismiss, for the U.S. position that the claim accrued on November 28, 2018); *Id*. at Page ID# 176-77 (citing R. 11: Response in Opposition, for Plaintiff's arguments that the claim did not accrue until either December 30, 2019, or July 9, 2020).]

rely, "is an amorphous concept…. [that] directs a court's discretion [but] it does not limit the tribunal's power." *Arizona v. California*, 460 U.S. 605, 618, (1983). "The reach of the law of the case doctrine is not limitless [and] . . . even when applicable, the doctrine does not carry the same consequences as the rule of res judicata." *Johnson v. Lisath*, No. 3:15-CV-090, 2019 WL 1785070, at *5 (S.D. Ohio Apr. 24, 2019), *report and recommendation adopted*, No. 3:15-CV-90, 2019 WL 2498325 (S.D. Ohio June 17, 2019). "The law-of-the-case doctrine 'does not remove a district court's jurisdiction to reconsider, or otherwise preclude a district court from reconsidering, an issue previously decided in the case.'" *Janosek v. City of Cleveland*, No. 1:12-CV-823, 2012 WL 3074665, at *3 (N.D. Ohio July 30, 2012), *aff'd*, 718 F.3d 578 (6th Cir. 2013) (quoting *United States v. Dunbar*, 357 F.3d 582, 592 (6th Cir.2004), *vacated on other grounds*, 543 U.S. 1099 (2005). The doctrine is "directed to a court's common sense" and is not an "inexorable command." *McKenzie v. BellSouth Telecommunications, Inc.*, 219 F.3d 508, 512 (6th Cir. 2000).

As an initial matter, it is doubtful whether the "law of the case" doctrine even applies to the present circumstances. This Court's prior ruling was to dismiss without prejudice the prior action, *Satterley I* – not the present one, *Satterley II* – for failure to exhaust. In similar contexts, the law of the case doctrine has been held not to apply. "'The law of the case doctrine posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages *in the same case*.' This case is not *Mizrach I*, which the Court dismissed without prejudice." *Mizrach v. United States*, No. CIV. WDQ-11-1153, 2012 WL 414806, at *3 (D. Md. Feb. 7, 2012) (emphasis in original) (footnote omitted). *See also Wood v. United States*, No. 1:16CV1033, 2017 WL 722018, at *2 n.1 (M.D.N.C. Feb. 23, 2017). Plaintiff's own citation to the Sixth Circuit case of *Edmonds v. Smith* reinforces this principle, in the Court's observation

3

that "[t]he defining feature of the law-of-the-case doctrine is that it applies only within the same case. *Edmonds v. Smith*, 922 F.3d 737, 739 (6th Cir. 2019) (holding that the doctrine did not apply across separate habeas actions brought independently by petitioners who were codefendants).

Moreover, "[f]or a prior decision to control, the prior tribunal must have actually decided the issue. A position that has been assumed without decision for purposes of resolving another issue is not the law of the case." *Henley v. Marquis*, No. 3:17-CV-421, 2018 WL 3546814, at *4 (S.D. Ohio July 24, 2018) (quoting *Howe v. City of Akron*, 801 F.3d 718, 741 (6th Cir. 2015)) (internal quotes and citations omitted). As set forth above, this Court's memorandum opinion in the prior action did not determine the date Plaintiff's claim accrued; it held that, because a "legitimate question" existed as to that issue, it would dismiss the action without prejudice. The acknowledgement that either date that the Plaintiff had advanced – either December 30, 2019 or July 9, 2020 – would bring the claim within the statute of limitations fits *Henley*'s description of assuming a position, without decision, for purposes of resolving another issue. This type of reasoning does not constitute the law of the case. Plaintiff filed *Satterley I* without exhausting her administrative remedies and the Court ruled on dismissal with prejudice in that context. Now, in *Satterley II*, Plaintiff has exhausted her administrative remedies and the Court can rule on the issue of dismissal with prejudice in this different procedural position. This distinction between the context of the respective cases has been recognized in other cases as well. *See Wood*, 2017 WL 722018, at *2 (noting that the prior action did not decide whether the applicable statute of limitations for the FTCA barred plaintiff's medical malpractice claim, but only whether Wood had administratively presented her claims, and the court found that she had).

Further, it is significant that the prior decision at issue was made by this same Court, in the context of a motion to dismiss. "Although rigidly applied to enforce a lower court's obedience to a higher court, the law-of-the-case doctrine is more flexibly applied to reconsideration of earlier decisions by the same court or a coordinate court. At the lower or trial court level, the doctrine is more appropriately characterized as a management practice . . . and prejudgment orders can be reconsidered without restriction." *Sudberry v. Warden, S. Ohio Corr. Facility*, 626 F. Supp. 2d 767, 780 (S.D. Ohio 2009) (internal quotations omitted). Additionally, "there is case law indicating that the law-of-the-case doctrine does not apply to orders regarding motions to dismiss." *Lee v. Vanderbilt Univ.*, No. 3:20-CV-00924, 2022 WL 1094654, at *10 (M.D. Tenn. Apr. 12, 2022); *Wilson v. Buckeye Steel Castings Co.*, No. 2:99-CV-1300, 2001 WL 1681130, at *4 (S.D. Ohio Sept. 25, 2001) ("[O]rders pertaining to motions to dismiss do not constitute the law of the case.") (citing *Farmer v. Rountree*, 252 F.2d 490, 491 (6th Cir. 1958)). The prior Order at issue in this case pertained to a motion to dismiss and, as such, it does not constitute the law of the case.  [Case No. 3:21-CV-00045-GFVT, R. 14 at Page ID# 177].[2]

Finally, the import of the issue at stake – whether the Plaintiff failed to file her claim within the statute of limitations, "forever" barring this cause of action– or whether this complex medical malpractice action can proceed through the lengthy processes of discovery, including the attendant costs of obtaining numerous medical experts, and possibly trial – counsels in favor of revisiting the question of claim accrual and making a definitive determination. "[T]his circuit explained that the law of the case doctrine dictates that issues, once decided, should be reopened only in limited circumstances, e.g., where there is 'substantially different evidence raised on subsequent trial; a subsequent contrary view of the law by the controlling authority; or a clearly

---

[2] Likewise, *Burley v. Gagacki*, 834 F.3d 606, 618-19 (2016), cited by Plaintiff, discussed the law of the case doctrine in the context of appeals to a higher court – an issue that is not present in this case.

erroneous decision which would work a manifest injustice.'" *United States v. Moored*, 38 F.3d 1419, 1421–22 (6th Cir. 1994) (quoting *Petition of United States Steel Corp.*, 479 F.2d 489, 494 (6th Cir. 1973) (citing *White v. Murtha*, 377 F.2d 428, 431-432 (5th Cir.1967)).

Significantly, the present case is not one in which the Plaintiff potentially missed the statute of limitations by mere days, as in *Amburgey v. United States*, 733 F.3d 633, 635 (6th Cir. 2013) (where the Plaintiff mailed the administrative claim form one day before the second anniversary of her husband's death and HHS received it days later). In contrast, if the Plaintiff's claim in this case accrued on A.A.'s delivery date of November 28, 2018, "[t]wo years after the birth would have been November 28, 2020, which is long before this action was filed in court" on June 9, 2021. [Case No. 3:21-CV-00045-GFVT (*Satterley I*), R. 14 at Page ID# 174]. "Where the ruling in question was not made by a higher court, the decision to reconsider the prior determination is subject to review under an 'abuse of discretion' standard. And it is not an abuse of discretion to revisit a prior ruling that is found to be erroneous." *Pac. Emps. Ins. Co. v. Sav-a-Lot of Winchester*, 291 F.3d 392, 398 (6th Cir. 2002) (citing *Gillig,* 67 F.3d 586, 590 (6th Cir.1995)) (internal citation omitted). "A court's previous ruling regarding the timing of the accrual of the [] plaintiffs' claims is not the law of the case." *Kerns v. Caterpillar, Inc.*, 583 F. Supp. 2d 885, 903 n. 4 (M.D. Tenn. 2008). This Court declined to dismiss the Complaint with prejudice "because there is a legitimate question as to when this action accrued[.]" [Case No. 3:21-CV-00045-GFVT (*Satterley I*), R. 14 at Page ID# 175.] Thus, this Court is not bound to its prior rulings by the law of the case doctrine.

    **C.    Alternatively, Discovery Should Be Initially Limited to the Statute of Limitations Issue**

Limiting initial discovery on the issue of statute of limitations would not unduly delay these proceedings, but rather, it would better serve the interests of judicial economy by directing

resources early in the litigation to the "legitimate question as to when this action accrued." [*Id.*] A "holding on a motion to dismiss does not establish the law of the case for purposes of summary judgment, when the complaint has been supplemented by discovery." *McKenzie v. BellSouth Telecommunications, Inc.*, 219 F.3d 508, 513 (6th Cir. 2000); *see Pac. Emps. Ins. Co. v. Sav-a-Lot of Winchester*, 291 F.3d 392, 397-401 (6th Cir. 2002) (affirming District Court's holding that the statute of limitations defense applied, despite an earlier contrary ruling by a state court, following discovery conducted on the statute-of-limitations issue after removal of the case to federal court.). "A district court can reconsider its own prior ruling when there is a 'cogent reason' to do so, such as the presentation of new evidence or if the court concludes the prior decision was in error based upon its understanding of the issues as the case develops." *Cone v. Tessler*, No. 16-11306, 2019 WL 1515267, at *5-9 (E.D. Mich. Apr. 8, 2019) (District Court holding that statute of limitations barred plaintiffs' claims despite its earlier holding dismissing Defendant's motion to dismiss on that basis), *aff'd*, 800 F. App'x 405 (6th Cir. 2020) (citing *Ominex Energy, Inc. v. Blohm*, 374 F. App'x 643, 651 (6th Cir. 2010)). "If the facts so warrant, the court's previous ruling as to [Defendant's] statute of limitations defense may be revisited." *Kerns*, 583 F. Supp. 2d at 903 n. 4 (M.D. Tenn. 2008). "[R]estricting discovery in this case to that which was necessary for resolution of the statute of limitations issue" would benefit all parties as litigation of all issues in this case will in "all likelihood be extremely costly and time consuming for all the parties." *In re Pfohl Bros. Landfill Litig.*, 175 F.R.D. 13, 26 (W.D.N.Y. 1997).

For the reasons mentioned herein and those mentioned in Defendant's dispositive motion [R. 7], Defendant respectfully requests that this action be dismissed with prejudice.

7

                        Respectfully submitted,

                        CARLTON S. SHIER, IV
                        UNITED STATES ATTORNEY

BY:   /s/ Callie R. Owen
        Callie R. Owen
        Assistant United States Attorney
        260 West Vine St., Ste 300
        Lexington, Kentucky 40507-1612
        Ph: (859) 685-4901
        Fax: (859) 233-2533
        Callie.R.Owen@usdoj.gov

### **CERTIFICATE OF SERVICE**

      I hereby certify that on 26th day of September, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send electronic notification of such filing, to

Connor J. Gilbert
Morgan & Morgan - MA
155 Federal Street, 15th Floor
Boston, MA 02110
857-383-4914
Cgilbert@forthepeople.com

Daniel Tysen Smith, II
Morgan & Morgan - Louisville
420 W. Liberty Street, Suite 260
Louisville, KY 40202
502-912-5930
Tysmith@forthepeople.com

*Counsel for Plaintiff*

                        /s/ Callie R. Owen
                        Callie R. Owen
                        Assistant U.S. Attorney