UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | |
|---|---|
| ANNA SATTERLEY, *as next friend and on behalf of* A.A., *a minor*,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Civil No. 3:22-cv-00027-GFVT<br><br>**MEMORANDUM OPINION**<br>**&**<br>**ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the United States's Motion to Dismiss. [R. 7.] The United States claims that Ms. Satterley failed to exhaust her administrative remedies within the statute of limitations and is now time-barred from pursuing this action. *Id.* Ms. Satterley's Complaint alleges that the United States is liable, under the Federal Tort Claims Act, for negligent medical care which Women's Care of the Bluegrass provided. [R. 1.] She filed an administrative action within two years of her claim's accrual, so this action is timely and the Motion to Dismiss **[R. 7]** is **DENIED**.

**I**

Ms. Satterley is A.A.'s great-grandmother and legal guardian. [R. 1 at 1.] A.A.'s biological mother, Ms. Anglin, conducted her pre-natal care with Women's Care of the Bluegrass while she was pregnant with A.A. *Id.* at 4. Dr. Saxena induced Ms. Anglin's labor on November 28, 2018 after a seemingly healthy pregnancy. *Id.* A few hours after her induction, Ms. Anglin's fetal heart monitor began showing signs of fetal tachycardia and her temperature became elevated. *Id.* at 5. Concerning signs continued for the next several hours. *Id.* at 6-7.

Ms. Anglin ultimately delivered A.A. by "urgent c-section." *Id.* at 7.

A.A. is "presently gastronomy tube-dependent and is non-verbal and non-ambulatory due to diagnoses of spastic quadriplegic cerebral palsy and profound global developmental delays." *Id.* at 7. Ms. Satterley alleges that testing conducted at A.A.'s birth is "consistent with A.A. having suffered severe metabolic acidosis during labor and delivery." *Id.* Further, she states that an MRI of A.A.'s brain "revealed findings demonstrating permanent and severe hypoxic-ischemic brain damage." *Id.* She claims that the employees of Women's Care of the Bluegrass negligently cared for Ms. Anglin and A.A. throughout labor and birth, causing A.A.'s injuries. *Id.* at 7-8.

Ms. Satterley has filed this action once before. [R. 1-1.] She filed her first suit in Franklin Circuit Court and the United States removed it to this Court. [*Id.*; R. 1-3 at 1-2.] She did not file an administrative claim, which is required by the FTCA, until September 7, 2021, three months after filing the action in state court. *Id.* at 3. The United States moved to dismiss the action, arguing that Ms. Satterley did not exhaust her administrative remedies *before* filing the action. *See id.*

Ms. Satterley recognized that she had not exhausted her administrative remedies because the administrative claim was ongoing, so the parties agreed that dismissal was appropriate. *Id.* at 2. The issue was whether dismissal should be with or without prejudice, which depended on whether the administrative claim's September 7, 2021 filing was timely. The United States argued that the administrative claim was filed beyond the two-year statute of limitations because the claim accrued on November 28, 2018, the date of the injury. *Id.* at 3. Ms. Satterley argued that the claim accrued much later under the Inquiry-Notice Rule. *Id.* The Court dismissed the action without prejudice because it found that the administrative claim was timely "whether the

accrual date was December 30, 2019, or July 9, 2020." *Id.* at 6.

Ms. Satterley raises her claim again in the instant action. [R. 1.] The United States again moves to dismiss it as untimely. [R. 7.] It argues that Ms. Satterley's claim accrued on the date Ms. Anglin delivered A.A. *Id.* at 4-5. Ms. Satterley invokes the law of the case doctrine, arguing that the Court already determined that she timely filed her administrative claim. [R. 8.] In the alternative to dismissal, the United States asks the Court to limit initial discovery to the statute of limitations issue. *Id.*

## II

The United States's Motion to Dismiss is pursuant to Rule 12(b)(6) for failure to state a claim. [R. 7.] When presented with such a Motion, the Court "construe[s] the complaint in the light most favorable to the plaintiff, accept[s] its allegations as true, and draw[s] all inferences in favor of the plaintiff." *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). The Court, however, "need not accept as true legal conclusions or unwarranted factual inference." *Id.* (quoting *Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000)). A complaint survives a motion to dismiss so long as it "state[s] a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Courie v. Alcoa Wheel & Forged Prods.*, 577 F.3d 625, 629 (6th Cir. 2009).

Ms. Satterley's claim can only be "plausible on its face" if it is timely; otherwise, she has no "claim to relief." *Id.* Tort claims against the United States are "forever barred" unless they are "presented in writing to the appropriate Federal agency within two years after such claim accrues." 28 U.S.C. § 2401(b). Ms. Satterley's claim was "presented" to the Department of Health and Human Services when it received the claim on September 7, 2021. *See* 28 C.F.R. § 14.2(a) ("For purposes of the provisions of 28 U.S.C. § 2401(b) . . . a claim shall be deemed to

3

have been presented when a Federal agency receives from a claimant . . . an executed Standard Form 95.") Accordingly, her claim is timely only if it accrued within two years before September 7, 2021.

The issue in this matter, like the issue when the Court first dismissed this action between these parties, is when Ms. Satterley's claim accrued. [*See* R. 1-3.] While the statute is silent as to when a "claim accrues," the Supreme Court established that a claim under the FTCA accrues when the plaintiff becomes aware of both (1) the injury and (2) its cause. *United States v. Kubrick*, 444 U.S. 111, 122 (1979).

The United States argues that the claim accrued on November 28, 2018, the date on which Ms. Anglin delivered A.A. [R. 7-1 at 4-5.] It points to Ms. Satterley's administrative claim, which lists November 28 as the "date and day of injury." *Id.* (citing [R. 1-2]). Further, it states that "damage to the child was apparent" "immediately following delivery" because of A.A.'s low Apgar scores and bloodwork indicating "hypoxic ischemic injury." *Id.* at 5. It argues that these results and the fact that A.A. was transferred to another medical center for treatment shortly after delivery made Ms. Satterley aware of the injury and imposed a duty on her to investigate its cause. *Id.* Ms. Satterley adopts her argument in opposition to dismissal in the prior litigation between these parties. [R. 8 at 4; R. 8-2.] She argues that she was not aware of A.A.'s injuries until she was diagnosed with spastic quadriplegic cerebral palsy on December 30, 2019. [R. 8-2 at 11.] Further, she claims she did not know of the injuries' cause until a friend advised her to seek legal counsel on July 9, 2020. *Id.* at 19.

A

In its prior Order, the Court found that neither Ms. Anglin nor Ms. Satterley knew how A.A.'s injuries would permanently manifest until she received a spastic quadriplegic cerebral

4

palsy diagnosis on December 30, 2019.  [R. 1-3 at 5.]  It further found that A.A.'s mother reasonably did not suspect that the cause of A.A.'s injuries was anything other than natural causes because two doctors indicated that the cause was Ms. Anglin's fever and sepsis.  *Id.*  While the Court did not definitively determine on which date the claim accrued, it stated that it was timely "whether the accrual date was December 30, 2019 or July 9, 2020."  *Id.* at 6.

     Ms. Satterley argues that this prior ruling controls under the law of the case doctrine.  Under this doctrine, "findings made at one stage in the litigation should not be reconsidered at subsequent stages of that same litigation."  *Burley v. Gagacki*, 834 F.3d 606, 618 (6th Cir. 2016).  This doctrine does not control the Court's ruling on the Motion to Dismiss.  The "defining feature" of the doctrine is "that it applies only within the *same case*."  *Edmonds v. Smith*, 922 F.3d 737, 739 (6th Cir. 2019) (emphasis added).  This litigation is not the "same case" as the prior case between these parties, even though they involve the same claim.  *Id.*

     The applicable doctrine would instead be issue preclusion.  Issue preclusion "precludes relitigation of issues of fact or law actually litigated and decided in a prior action between the same parties and necessary to the judgment, even if decided as part of a different claim or cause of action."  *Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 918 F.2d 658, 661 (6th Cir. 1990).  Neither party presented an argument on issue preclusion.  Further, the Court's prior ruling does not clearly "actually decide" the issue.  *Id.*  It stated that dismissal without prejudice was appropriate "[b]ecause there is a legitimate question as to when this action accrued" and because the claim would be timely "whether the accrual date was December 30, 2019, or July 9, 2020."  [R. 1-3 at 4, 6.]  For clarity, the Court analyzes anew whether Ms. Satterley's administrative claim was timely.

5

**B**

First, Ms. Satterley must have known or reasonably been able to know the existence of A.A.'s injury for her claim to accrue. *Kubrick*, 444 U.S. at 122. The United States argues that A.A.'s injury was evident on the date of her birth because she had low Apgar scores and "bloodwork indicative of hypoxic ischemic injury." [R. 7-1 at 5.] True, but Ms. Satterley had no information as to those test results' lasting effect on A.A. or her quality of life. When A.A. was in the NICU, Dr. Lakhotia told Ms. Satterley and Ms. Anglin that "the severity of the damage was unknown." [R. 8-2 at 31.] "A prognosis as to [the] extent of how bad her injuries would become, or whether she would one day walk, was not given." *Id.* Notably, they did not know what, if any, disorders A.A. would suffer. Dr. Lakhotia warned them that A.A. "may one day get cerebral palsy . . . but we would have to wait and see." *Id.* at 31.

Ms. Satterley's knowledge of A.A.'s injury is comparable to that in *Coffie v. United States*. 43 Fed. App'x 808, 812. In that case, a patient experienced symptoms like pain, swelling, spasms, and rashes after a surgery. *Id.* at 810. She underwent a second surgery a few years later and discovered implants which the first surgeon should not have left installed and resulting degenerative joint disease. *Id.* at 811. The Sixth Circuit concluded that the patient's statute of limitations under the FTCA did not begin to run until the second surgery. Similarly here, Ms. Satterley knew A.A. was "injured in some respect" due to her testing shortly after birth. *Id.* at 812. But "she did not become cognizant of the full extent of [A.A.'s] injury" until at least A.A.'s cerebral palsy diagnosis. *Id.* Accordingly, the earliest date on which the claim could accrue was December 30, 2019.

**C**

Second, Ms. Satterley would have had to know or reasonably been able to know the

6

cause of A.A.'s injury for her claim to accrue. *Kubrick*, 444 U.S. at 122. Ms. Satterley's claim did not accrue until she learned that A.A.'s injury was "potentially caused by medical treatment." *Amburgey v. United States*, 733 F.3d 633, 641 (6th Cir. 2013). The plaintiff does not need to know that the acts causing the injury were negligent for the claim to accrue, just that the providers' care contributed to the injury. *Chomic v. United States*, 377 F.3d 607, 611 (6th Cir. 2004). This date can be delayed if physicians advise a patient that circumstances other than the provider's conduct caused the injury. *McDonald v. United States*, 843 F.2d 247, 249 (6th Cir. 1988). A patient has a "right to place trust and confidence in his physician," so her statute of limitations is not triggered when a physician misinforms her of an injury's cause. *Id.* (quoting *Otto v. Nat'l Inst. of Health*, 815 F.2d 985, 988 (4th Cir. 1987)).

The record does not establish a specific date on which Ms. Anglin or Ms. Satterley knew or should have known that A.A.'s injury was "doctor-caused." *See Hertz v. United States*, 560 F.3d 616, 619 (6th Cir. 2009). But the Complaint establishes that they believed, based on their doctors' representations, on the delivery date and immediately thereafter that the injury was not caused by A.A.'s providers. Dr. Wainwright told Ms. Anglin and Ms. Satterley on multiple occasions that A.A.'s distress and resulting HIE were due to Ms. Anglin's fever. [R. 8-2 at 29-30.] While A.A. was in the NICU, Dr. Lakhotia also informed Ms. Satterley and Ms. Anglin that Ms. Anglin's fever caused A.A.'s brain injuries. *Id.* at 31. Two doctors placed her under the impression that Ms. Anglin's fever, not the care she received, caused the injury.

The United States claims that Ms. Satterley "had a duty to exercise due diligence in investigating the cause" on A.A.'s delivery date because she knew of A.A.'s low Apgar scores and bloodwork and physicians transferred A.A. to another medical center. [R. 7-1 at 5.] Ms. Satterley and Ms. Anglin *did* investigate the cause of A.A.'s condition. They asked Dr.

7

Wainwright what caused A.A.'s condition after A.A.'s delivery and again after she was transferred to the NICU. [R. 8-2 at 24-25.] Ms. Satterley also asked Dr. Lakhotia about the cause when she took over A.A.'s care. *Id.* at 25. Both said Ms. Anglin's fever was the cause, and Dr. Lakhotia later cited her sepsis. *Id.* at 24-26.

It is unclear when this impression changed or reasonably should have changed. Ms. Satterley claims she only learned that A.A.'s care could have caused her injuries when a friend encouraged her to seek legal advice on July 9, 2020. [R. 8-2 at 28.] Regardless of whether she suspected or should have suspected that the doctors caused the injury on or before this date, the claim could not have accrued until at least December 30, 2019, when she learned of A.A.'s diagnosis. The Department of Health and Human Services received Ms. Satterley's administrative claim less than two years later, on September 7, 2021, so this action is timely. 28 U.S.C. § 2401(b).

The United States asks, in the alternative to dismissal, that the Court limit discovery to the statute of limitations. [R. 7-1 at 9-11.] Having found the claim to be timely, further discovery on the issue is unnecessary. Therefore, this alternative request is also denied.

### III

Accordingly, and the Court being sufficiently advised, the United States's Motion to Dismiss **[R. 7]** is **DENIED**.

This the 3rd day of March, 2023.

Gregory F. Van Tatenhove
United States District Judge